Filed 10/21/24  P. v. Hughes CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>BERNARD CHARLES HUGHES,<br><br>    Defendant and Appellant. | F086858<br><br>(Super. Ct. No. CRF08-0007045)<br><br>**OPINION** |

### THE COURT*

APPEAL from a judgment of the Superior Court of Mariposa County.  Dale J. Blea, Judge.

Bernard Charles Hughes, in pro. per.; and Rachel Varnell, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Louis M. Vasquez and Jesica Y. Gonzalez, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

\*    Before Hill, P. J., Levy, J. and Snauffer, J.

Defendant Bernard Charles Hughes was convicted of first degree residential burglary and sentenced to three consecutive 25-year-to-life terms, plus 10 years for having two prior serious felony convictions and three years for serving three prior prison terms. In 2022, defendant filed a petition for resentencing pursuant to Penal Code[1] section 1172.75.[2] At the resentencing hearing, the trial court struck the three one-year prior prison term enhancements but did not conduct a full resentencing hearing. Defendant argues that the trial court erred by not conducting a full resentencing, and the People agree. The matter will be remanded for a full resentencing hearing in compliance with section 1172.75.

## PROCEDURAL BACKGROUND

On May 28, 2010, a jury convicted defendant of first degree residential burglary (§ 459; count I), possession of a firearm by a felon (former § 12021, subd. (a)(1); counts II, V), possession of ammunition by a felon (former § 12316, subd. (b)(1); count III), receiving stolen property (§ 496, subd. (a); count IV), and falsifying a license plate (former § 4463, subd. (a)(1); count VII). After defendant waived his right to a jury trial as to the prior conviction allegations, the trial court held a bifurcated court trial and found true the allegations that defendant had been convicted of two prior "strike" convictions within the meaning of the "Three Strikes" law (currently codified at §§ 667, subds. (b)–(i), 1170.12, subds. (a)–(d)), convicted of two prior serious felony convictions (§ 667, subd. (a)(1)), and sentenced to three prior prison terms (former § 667.5, subd. (b)).

The trial court sentenced defendant on December 17, 2010, to an aggregate prison term of 75 years to life (counts I, V, VII), plus five years for each prior serious felony

---

[1]     Undesignated statutory references are to the Penal Code.

[2]     Defendant's declaration was labeled as a request pursuant to Senate Bill No. 483 (2021–2022 Reg. Sess.) (Senate Bill 483), which enacted former section 1171.1 (now § 1172.75).

conviction and three years for the three prior prison terms, and stayed the sentences for the remaining counts.

Defendant filed a petition pursuant to section 1170.126 on April 4, 2022. His petition sought resentencing of counts V and VII pursuant to section 1170.126, which were not violent or serious offenses and no longer supported third strike sentencing after 2012.[3] Defendant had filed a similar petition in 2014, which the court denied in 2016 after finding that resentencing posed a danger to public safety. Defendant also filed a declaration on April 4, 2022, and requested resentencing pursuant Senate Bill 483, which enacted former section 1171.1 (now § 1172.75). On July 30, 2022, the trial court received notification from the Department of Corrections and Rehabilitation that defendant was serving a sentence that included a prior prison term enhancement.[4]

Defendant's motions were addressed by the trial court on December 5, 2022. The court noted that defendant failed to appeal the denial of his earlier petition and that the

---

[3] On November 6, 2012, the electorate passed Proposition 36 which prospectively reduced the punishment previously proscribed for certain defendants convicted of a third strike offense. (Prop. 36, as approved by voters, Gen. Elec. (Nov. 6, 2012); see Cal. Const., art. II, § 10, subd. (a).) Additionally, as stated above, it created a " 'retroactive relief procedure' " for certain inmates serving an indeterminate, third strike sentence under the former Three Strikes law." (*People v. Valencia* (2021) 64 Cal.App.5th 641, 647.) The then newly enacted resentencing procedure allows an inmate to file "a petition for a recall of sentence" within two years of Proposition 36's effective date "or at a later date upon a showing of good cause." (§ 1170.126, subd. (b).) An inmate is eligible for resentencing if serving an indeterminate third strike sentence for a felony that is no longer considered serious or violent and was not convicted or previously convicted of certain enumerated and disqualifying offenses. (§ 1170.126, subd. (e).) If eligible for resentencing, the trial court shall resentence the petitioner unless the court determines, in its discretion, "that resentencing the petitioner would pose an unreasonable risk of danger to public safety." (§ 1170.126, subd. (f).) The time to petition for recall of sentence pursuant to Proposition 36 expired in November 2014. (§ 1170.126, subd. (b).) Since that time, an inmate may bring a recall petition only upon a showing of good cause for the delay. (*Ibid.*)

[4] Although section 1172.75 does not provide for a defendant to initiate a petition to set aside his prison prior enhancements, we have held that a subsequent notification by the Department of Corrections and Rehabilitation to the court that the defendant is eligible triggers the trial court's statutory authority to resentence the defendant pursuant to section 1172.75. (*People v. Cota* (2023) 97 Cal.App.5th 318, 330.)

current section 1170.126 petition was beyond the two-year limitation period for filing such motion. The court set a further hearing as to that issue for counsel to perform additional research. Addressing defendant's petition pursuant to section 1172.75, the parties agreed that the three one-year prior prison term enhancements should be stricken. The court ordered the enhancements stricken and for probation to prepare supplemental information for resentencing, which was set for March 6, 2023.

At defendant's request, the trial court continued the matters three times and held a further hearing on August 14, 2023. However, rather than resentencing defendant, the court commented that it had granted defendant's section 1172.75 petition, struck his prior prison term enhancements, assumed that the amended abstract of judgment reducing defendant's determinate term from 13 years to 10 years had been issued, and ordered an amended abstract of judgment to issue if it had not previously issued. The court denied defendant's request for relief pursuant to sections 1170.22 and 1170.126.

Defendant filed his timely notice of appeal on September 21, 2023.[5]

## DISCUSSION

At the time defendant was sentenced, former section 667.5, subdivision (b) required that the trial court "impose a one-year term for each prior separate prison term served for any felony" that defendant had served if he had not remained free of custody for at least five years. (Stats. 2006, ch. 337, § 30.) Senate Bill No. 136 (2019–2020 Reg. Sess.) (Senate Bill 136) amended section 667.5, subdivision (b) to limit prior prison term enhancements to prior prison terms that were served for a sexually violent offense as defined by Welfare and Institutions Code section 6600, subdivision (b). (§ 667.5, subd. (b), as amended by Stats. 2019, ch. 590, § 1, pp. 1–4, eff. Jan. 1, 2020.) As an amendment that ameliorated criminal punishment, Senate Bill 136 applies retroactively to

---

[5]     Defendant did not raise any arguments as to the sections 1170.22 and 1170.126 petitions in this appeal.

4.

cases that were not final when the amendment took effect. (*In re Estrada* (1965) 63 Cal.2d 740, 745; *People v. Smith* (2020) 46 Cal.App.5th 375, 396.)

The Legislature then passed Senate Bill 483 and enacted former section 1171.1 to address those defendants whose sentences were final before section 667.5, subdivision (b) took effect, except for any enhancement imposed for a prior conviction for a sexually violent offense, and declared such enhancements legally invalid. (Former § 1171.1, subd. (a), added by Stats. 2021, ch. 728, § 3, now § 1172.75, subd. (a).)[6] The Secretary of the Department of Corrections and Rehabilitation and the county correctional administrator of each county are directed to identify individuals in custody and "currently serving a term for a judgment that includes an enhancement described in [section 1172.75, ]subdivision (a)" and to provide the information to the court who sentenced the individuals identified. (§ 1172.75, subd. (b).) The court is then directed to review the judgment, and if it included a sentencing enhancement "described in [section 1172.75,] subdivision (a)," to "recall the sentence and resentence the defendant." (§ 1172.75, subd. (c).) The Secretary and courts are directed to prioritize defendants who have served their base term and any other enhancement and are currently serving a sentence based on the enhancement. (§ 1172.75, subds. (b)(1), (c)(1).)

Resentencing shall not result in a longer sentence and "shall result in a lesser sentence than the one originally imposed as a result of the elimination of the repealed enhancement, unless the court finds by clear and convincing evidence that imposing a lesser sentence would endanger public safety." (§ 1172.75, subd. (d)(1).) Additionally, the court shall apply the sentencing laws currently in effect and may consider enumerated postconviction factors that reflect the defendant's reduced risk of future violence and that

---

[6]     Effective June 30, 2022, the Legislature renumbered section 1171.1 to section 1172.75 without substantive change to the statute. (Stats. 2022, ch. 58, § 12.) We shall refer to section 1172.75.

circumstances have changed such that the defendant's continued incarceration is no longer in the interest of justice.  (§ 1172.75, subd. (d)(2), (3).)

In this matter, it appears that the trial court acknowledged the invalidity of defendant's prior prison term enhancements and granted defendant's section 1172.75 petition, ordered probation to provide supplemental information for resentencing, and set a resentencing hearing.  However, due to numerous continuances to address defendant's sections 1170.22 and 1170.126 petitions, the court and parties failed to recognize that resentencing pursuant to section 1172.75 had not taken place.  Defendant was entitled to a full resentencing after the court granted his section 1172.75 petition, and the court erred in failing to do so.

## DISPOSITION

The matter is remanded to the trial court for a full resentencing hearing in compliance with section 1172.75.